# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2022

Lyle W. Cayce
Clerk

No. 22-50318

United States of America,

*Plaintiff—Appellee*,

*versus*

Jimmy Zavala,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-370

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:*

Jimmy Zavala, federal inmate # 49053-180, moves for a certificate of appealability (COA) to appeal the dismissal, as an unauthorized successive 28 U.S.C. § 2255 motion, of his February 2022 postjudgment motion, which he labeled a Rule 59(e) motion, in which he again attacked his 2005 convictions for various drug, firearms, money laundering, and conspiracy

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50318

offenses. Zavala also seeks to appeal the district court's election not to conduct an evidentiary hearing as well as its denial of his motion to compel discovery, and he moves this court for an expedited ruling on his COA motion. Although his notice of appeal states his intent to additionally appeal the denial of his motion for default judgment, Zavala has abandoned that claim by failing to brief it. *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999).

A COA will issue in relation to the denial of Zavala's postjudgment motion only if Zavala has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To make that showing, Zavala must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented were adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Zavala fails to make the requisite showing to obtain a COA as to the denial of the subject postjudgment motion. To the contrary, Zavala fails to address the district court's determination that the motion was an unauthorized successive motion. Accordingly, the motion for a COA is DENIED. As a result, we do not reach whether the district court erred by denying his requests for discovery or an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020). Zavala's motion for an expedited COA ruling is also DENIED.

Since 2008, Zavala has unsuccessfully challenged the validity of his 2005 convictions through repeated, and often repetitive and successive § 2255 motions and attendant postjudgment and discovery motions. The instant postjudgment motion represents at least his sixth attempt to challenge his convictions in the past 14 years, and he has repeatedly disregarded the

district court's admonishments that he must obtain this court's authorization before bringing successive challenges to his convictions. In addition, this court has previously denied requests by Zavala for a COA to challenge the original denial of § 2255 relief and dismissal of a prior motion as successive.

Zavala is accordingly WARNED that filing frivolous, repetitive, or otherwise abusive pleadings in this court or any court subject to this court's jurisdiction could result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.